PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* PABLO BEAUCHAMP, Defendant and Appellant.

No. 3900. Argued July 22, 1929.—Decided November 25, 1929.

*José Sabater,* for appellant. *R. A. Gómez,* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

An information was filed in the District Court of Mayagüez against Pablo Beauchamp in which it was charged as follows:

"The aforesaid defendant Pablo Beauchamp in or about December, 1928, in the city of Mayagüez, P. R., which forms part of the judicial district of that name, unlawfully, wilfully and maliciously, kept for sale in his business in Mayagüez, P. R., adulterated coffee intended for human consumption."

The defendant demurred on the ground that the facts set forth in the information do not constitute a public offense. He argued that section 1 of Act No. 24 of 1928 must be construed with reference to the other provisions of the statute, and that, when this is done, the conclusion must be reached that what the law punishes is the adulteration of coffee by the person who roasts or prepares the same for sale, since section 2 of the act refers to a bond to be furnished by the person who engages in the roasting or grinding of coffee, and in subsequent provisions of the same act mention is made of the revocation of licenses; that the law can not be construed in the sense of punishing the person who roasts and grinds the coffee and likewise the person who resells it, because this would be at variance with section 34 of the Organic Act of Porto Rico as containing more than one subject. The demurrer was overruled.

It appears from the evidence and from the stipulations

submitted by the parties, which were approved by the trial court, that the defendant is a merchant of Mayagüez whose business is not the roasting or grinding of coffee; that the package of roasted and ground coffee which was introduced in evidence was taken from defendant's store by a health inspector and forwarded for examination and analysis to the chemical laboratory of the Insular Health Department of Porto Rico, and that the analysis showed the coffee to be mixed with starch, in an amount which is not specified. One of the stipulations filed by the parties states that the defendant is not engaged in the roasting and grinding of coffee, that he buys the coffee from those who roast it, and that the bags introduced in evidence are those ordinarily used by people in the coffee-roasting business in Mayagüez.

The court adjudged the defendant guilty and fined him $25. He has appealed from that judgment and assigns as error the overruling of his demurrer and his conviction under the Act of April 20, 1928.

The assignment of error appears well reasoned, but section 1 of Act No. 24 of 1928 provides as follows:

"Section 1.—It shall be unlawful to adulterate or to mix coffee, in the grain, ground, or pulverized, with any other grain or substance with the intention of selling it, or to offer or keep it for sale, and it shall be equally unlawful for said coffee, so adulterated or mixed, to be sold, offered or kept for sale, or that it be transported or stored for the purpose of using it for human consumption, or to use it for industrial purposes, when intended for the preparation of food for human consumption."

The words "and it shall be equally unlawful for said coffee, so adulterated or mixed, to be sold, offered or kept for sale" refer to a fact subsequent to the adulteration and of necessity complementary thereto, because it is the aim sought in adulterating the coffee and, further, because if the coffee were adulterated and kept for use by the person making the adulteration or his family, there would be no violation, since

as regards weight, price or quality, no fraud or injury to the health of another would be committed.

If it had been the intention of the Legislature to exempt from liability any person who sells coffee which has been mixed with chick-peas, sugar chicory, or starch, it would have so stated; but it did not, because the purpose of the law is to prevent such fraud.

The judgment appealed from must be affirmed.